RECORD NO. 14-1081

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| KENNETH L. HUNTER, RICK A. DONATHAN, AND JERRY D. MEDLIN | ) ) ) |
| Plaintiffs-Appellees/Cross Appellants | ) |
| v. | ) ) |
| TOWN OF MOCKSVILE, NORTH CAROLINA, ROBERT W. COOK; CHRISTINE W. BRALLEY | ) ) ) |
| Defendants-Appellants/Cross Appellant | ) |

*****************************************************************

**MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF BY NATIONAL ASSOCIATION OF POLICE ORGANIZATIONS IN SUPPORT OF APPELLEES SEEKING AFFIRMANCE**

*****************************************************************

Now comes the National Association of Police Organizations (hereafter "NAPO") pursuant to Rule 29 of the Federal Rules of Appellate Procedure, and respectfully moves this Court for leave to file the accompanying amicus curiae brief in support of Appellees seeking affirmance of the District Court's order denying summary judgment to Defendants.

-1-

Appellees consent to the filing but Appellants have not responded to NAPO's request for their consent to the filing of NAPO's amicus brief.

## *I. INTEREST OF AMICUS CURIAE*

The National Association of Police Organizations (NAPO) is a national coalition of police associations that seeks to protect the rights of law enforcement officers and to enhance public safety through legal advocacy, education and legislation. NAPO represents over 1,000 law enforcement organizations, with over 238,000 sworn law enforcement officers. NAPO often appears as amicus curiae in appellate cases of special importance to the law enforcement profession throughout America including before this Court.

## II.   REASONS WHY AN AMICUS CURIAE BRIEF IS DESIRABLE AND WHY THE MATTERS ASSERTED ARE RELEVANT

This Court would benefit from an amicus curiae brief by NAPO on behalf of the law enforcement community because:

1) Appellants do not cite or adequately address several leading applicable Fourth Circuit cases interpreting the First Amendment in law enforcement and other public employee retaliation cases, including but not limited to:

  A) *Smith v. Gilchrist*, ___F.3d___; 2014 WL 1910833 (4th Cir. 2014) (Qualified immunity rejected in public employee expression case)

  B) *Durham v. Jones*, 737 F.3d 291 (4th Cir. 2013) (Qualified immunity rejected in police expression case).

  C) *Edwards v. City of Goldsboro*, 178 F.3d 231 (4th Cir. 1999) (addressing qualified immunity issues in police officer expression case).

  D) *Sales v. Grant*, 158 F.3d.768 (4th Cir.1998) (addressing proof standards in public employee retaliation case including causation law and circumstantial evidence of causation).

  E) *Piver v. Pender*, 835 F.2d 1076 (4th Cir. 1987)(First Amendment standards).

  F) *Hall v. Marion*, 31 F.3d 183 (4th Cir. 1994)(addressing causation in First Amendment public employee dispute).

  G) *Trulock v. Freeh*, 275 F.3d 391 (4th Cir. 2001)(First Amendment and qualified immunity standards).

2) One of the issues presented involves the duties and rights of police officers to communicate. The law enforcement community, via NAPO, is in the best position to know and understand when officers have duties to speak as opposed to when they have rights to speak.

3) This case presents issues of vital importance to the law enforcement community because, *inter alia*, this case will likely impact the body of First Amendment jurisprudence governing the conduct of police employers practicing

retaliation. Retaliatory actions against police officer who communicate regarding corruption, malfeasance and racism inherently promote corruption and disrupt effective police operations.

4) If the employer's positions regarding First Amendment law are accepted and become the law of this Circuit, the resulting impact will be devastating to the law enforcement community, public safety and the public. The law enforcement community has a vital interest in being free of retaliation for reporting corruption, malfeasance and racism.

5) NAPO has substantial experience in addressing issues of free expression in police personnel disputes.

## IV. CONCLUSION

The law enforcement community will be most impacted by the decision in this case, therefore, their voice should be heard through an amicus brief.

Wherefore, Amicus Curiae NAPO respectfully prays that this Court grant leave to file an amicus curiae brief to address the enormously important issues before the Court.

/s/ J. Michael McGuinness
*J. Michael McGuinness*
*The McGuinness Law Firm*
P.O. Box 952
2034 Highway 701 North
Elizabethtown, N.C. 28337
jmichael@mcguinnesslaw.com
910-862-7087 Telephone
910-862-8865 Facsimile
Counsel For Amicus Curiae NAPO

/s/ William J. Johnson
William J. Johnson, General Counsel
National Association of Police Organizations
317 South Patrick Street
Alexandria, Virginia 22314
Telephone: 703-549-0775
Fax: 703-684-0515
Counsel For Amicus Curiae

## V. CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system and service will be accomplished by the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

Robert Elliot
Elliot, Morgan & Parsonage
426 Old Salem Road
Brickenstein-Leinbach House
Winston-Salem, N.C. 27101
rmelliot@emplawfirm.com

Pat Flanagan
Cranfill Sumner & Hartzog
P.O. Box 30787
Charlotte, N.C. 28230
phf@cshlaw.com

Phil Van Hoy
Van Hoy, Reutlinger, Adams and Dunn
737 East Boulevard
Charlotte, N.C. 28203
phil.vanhoy@vradlaw.com

Jaye Bingham
Cranfill Sumnter & Hartzog
P.O. Box 27808
Raleigh, N.C. 27611-7808
jeb@cshlaw.com                    /s/ J. Michael McGuinness
                                  *J. Michael McGuinness*